AO 91 (Rev. 11/11) Criminal Complaint                                          18- 147    (AUSA Harrell)

# UNITED STATES DISTRICT COURT
for the

Eastern District of Pennsylvania

| | |
|---|---|
| United States of America<br>v.<br><br>DANIELLE SEBENICK,<br>a/k/a "DaniLynn91"<br><br>*Defendant(s)* | )<br>)<br>) Case No.<br>)          18- 2031 -M<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _see attached affidavit_ in the county of _Montgomery_ in the _Eastern_ District of _Pennsylvania_, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 2252(a)(2) | Distribution and Attempted Distribution of Child Pornography |

See Attachment A.

This criminal complaint is based on these facts:

See attached Affidavit

☐ Continued on the attached sheet.

_____
Complainant's signature

Richard Cerminaro, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____

_____
Judge's signature

City and state:       PHILADELPHIA, PA                JACOB P. HART, U.S.M.J.
*Printed name and title*

## AFFIDAVIT OF PROBABLE CAUSE

Your Affiant, Richard A. Cerminaro, a Special Agent with the United States Department of Homeland Security, being duly sworn, deposes and states as follows:

1. Your Affiant is a Special Agent employed by the United States Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations (HSI), assigned to the Office of the Special Agent in Charge, Philadelphia, Pennsylvania. I have been employed in such capacity since March of 2009. In 2009, I completed the Federal Law Enforcement Criminal Investigator Training Program as well as the Immigration and Customs Enforcement Special Agent Training Academy located in Glynco, GA. Prior to my HSI Special Agent position, I was employed as a law enforcement officer in the State of Delaware from 2004 until 2009.

2. As an HSI Special Agent, I have experience in conducting criminal investigations as it pertains to violations of Title 8, Title 18, and Title 21 of the United States Code. I have extensive training and experience conducting and assisting with criminal investigations including, but not limited to, the aforesaid scope. I am currently assigned to the HSI Philadelphia Child Exploitation and Human Trafficking unit where I have investigated and assisted with the investigation of numerous cases involving the sexual exploitation of minor children, the production, distribution, receipt, and possession of child exploitation materials, the coercion and enticement of minors for sexual activity, persons that travel for illicit sexual conduct, and sex trafficking by force, fraud, or coercion.

3. I have received training in the field of child sexual abuse as well as the use of the Internet by sexual offenders to seduce, entice, and gain access to children for the purposes of sexual exploitation.

4.      As defined in Title 18, United States Code, Section 2510(7), I am authorized to conduct investigations of, and execute warrants for violations of United States law. I have executed and assisted with the execution of numerous search and arrest warrants during my tenure as a law enforcement officer.

5.      Your Affiant is investigating the activities of a person who used a computer device connecting to the internet to distribute, transmit, receive and/or possess child pornography, in violation of Title 18, United States Code, §§ 2252 and 2252A. As will be shown below, there is probable cause to believe that Danielle SEBENICK has committed violations of 18 U.S.C. Section 2252(a)(2), the distribution and attempted distribution of child pornography.

6.      All information contained in this affidavit is based either on my personal knowledge or the knowledge of other law enforcement officers/agents involved with this investigation. Because this affidavit is being submitted for the limited purpose of securing an arrest warrant; I have not included each and every fact known to this investigation. I have set forth only the facts that are believed to be necessary to establish probable cause.

## BACKGROUND OF THE INVESTIGATION

7.      Beginning on about November 15, 2018, an HSI Buffalo Special Agent, acting in an online undercover (UCA) capacity, was connected to an undercover KIK Messenger account for the purposes of conducting child exploitation investigations. During UC investigative sessions, the HSI UCA observed an individual identified as KIK user name "DaniLynn91" (later

2

identified as the defendant, Danielle SEBENICK) posting video files which depicted the graphic sexual abuse of minor children in a group chat titled "Twisted Private."

8. Starting on or about November 15, 2018, HSI UCA observed KIK user "DaniLynn91" join a public KIK group, "#tabo.ofantasy." Upon entry, "DaniLynn91" sent a private message to the HSI UCA's profile asking how to "verify" (a term known to your Affiant to mean "verify" that the user is who she says she is). The HSI UCA requested that "DaniLynn91" send a live picture of herself winking and pulling her ear, in response to which "DaniLynn91" produced an image that depicted an adult white female with dark red/brown hair, holding her earlobe while winking one eye shut.

9. On November 16, 2018, "DaniLynn91" was promoted to a group administrator of "#tabo.ofantasy" by the group owner (identified by HSI and a suspect of a separate child exploitation investigation). "DaniLynn91" was also added to the private KIK group "Admins." Minutes after adding "DaniLynn91" to "Admins," the group owner wrote, "This is where we post the verification pics of new people and a safe place to share just about anything else." HSI UCA observed the group's owner post a sexually explicit video into the "Admins" group which depicted a suspected teenage female and a prepubescent male child engaging in oral sex. Subsequently, "DaniLynn91" engaged in communication with the "Admin" group regarding the sexual abuse of children:

> KIK user: "love little boys"
>
> DaniLynn91: "Thank god. Most everyone loves girls. And I'm pregnant and having a boy, It's like a letdown with most people."
>
> DaniLynn91: "[Boy and girls] both orgasm pretty early Just have to look for the signs lol."
>
> Another KIK user: "girls fuss so much when you tasted and touch them."

3

DaniLynn91: "Not all girls! I've had some that love it lol."

KIK user: "[Are you] planning on starting right away?" (referring to sexually abusing her baby when he is born)

DaniLynn91: "Most likely. I've had really young before. But this is my first actual baby."

DaniLynn91: "I've worked with kids my whole life. So I've had plenty of opportunity."

10. On or about November 17, 2018, "DaniLynn91" was added to a third KIK Messenger group chat titled "Twisted Private." On or about November 19, 2018, the following video files were posted by the KIK user name "DaniLynn91," observed by the HSI UCA, and captured as evidence:

   a. One video file which depicted a nude female minor child, wearing a dog collar, performing oral copulation on a dog's penis.

   b. One video file which depicted a nude adult female with a prepubescent toddler male child, wearing an orange and white shirt, disrobed from the waist down. The adult female placed the child on top of her and performed oral sex on the male child. She then put the child down by her nude vagina and then brought him back up to her face, where she deeply kissed him. The video ended with the adult female again performing oral sex on the minor child while he sat on top of the adult female.

11. Your Affiant reviewed the aforementioned video files captured as evidence by the HSI UCA and confirmed that the depicted the graphic sexual abuse described above, and that they qualify as child pornography under federal law. determined them to qualify as child pornography under federal law.

4

12. Subscriber records from KIK Interactive, Inc for the user name "DaniLynn91" revealed the following:

> a. User name: DaniLynn91
> First name: dani
> Last name: girl
> Email: danisebenick@gmail.com (unconfirmed)
> IP: 68.81.214.44, 174.201.16.228, 71.230.17.11
> Location: US
> Registered: 2012/04/26 06:52:40 UTC
> Device: iPhone
> Brand: Verizon

13. An administrative summons to Comcast Communications for the subscriber information related to the Internet Protocol (IP) address 68.81.214.44 revealed it to be registered to the defendant's place of employment: Kids First Swim Schools, 620 Old York Road, Jenkintown, PA 19046. Based on a review of the "DaniLynn91" IP access log information provided to investigators by KIK Interactive, Inc., your Affiant learned that "DaniLynn91" accessed KIK Messenger on approximately twenty-one (21) separate dates between October 21, 2018 through November 20, 2018 utilizing the Comcast internet connection subscribed to Kids First Swim Schools at 620 Old York Rd. Jenkintown, PA 19046.

14. An administrative summons to Verizon Wireless for the subscriber information related to the Internet Protocol (IP) addresses 174.201.16.228 and 71.230.17.11 revealed them both to be registered to Paul Sebenick, at the defendant's residence at 8719 Marshall Road, Glenside, PA 19038.

15. A search of open source indices related to the email address, danisebenick@gmail.com, revealed it was associated to Dani SEBENICK in Glenside, Pennsylvania. An open source search of telephone number 610-220-3931 revealed it was associated to Danielle SEBENICK. Additionally, Facebook and Twitter social media profiles

under the display name "Dani Seb" contained numerous photos of a female matching the live photograph sent to the HSI UCA by KIK user "DaniLynn91." One photograph in the Facebook account also confirmed her pregnancy, as it depicted flower pedals and stems and a gray colored baby outfit and read "ROSES ARE RED VIOLETS ARE BLUE WE HOPE YOU'LL BE HAPPY BECAUSE IN APRIL +WE ARE DUE+."

16.     The defendant was further linked to her residence in Glenside through PennDot records, and to her place of employment through records obtained from the Pennsylvania Department of Labor and Industry, as well as surveillance conducted by your Affiant.

17.     On December 18, 2018 at approximately 08:35 hours, your Affiant along with other law enforcement investigators executed a search warrant at Kids First Swim Club at 620 Old York Road Jenkintown, Pennsylvania 19046, and for the person of Danielle SEBENICK. SEBENICK was encountered in the parking lot and was advised by HSI Special Agents that she was not under arrest and was free to leave after the search of her person was completed. During this search, HSI Special Agents Conrad and Murray located a white and pink in color Apple iPhone.

18.     SEBENICK agreed to voluntarily speak with investigators regarding this investigation, and requested that they speak in the manager's office within 620 Old York Road as she was the only employee working at the time. SEBNICK was again advised that she was not under arrest and was free to stop answering questions at any time, as well as free to move about and perform any of her job duties. SEBENICK agreed to continue to speak with investigators. SEBENICK stated that her cell phone number was (610) 220-3931 and that her cellular provider was Verizon Wireless. SEBENICK stated that her email address was "danisebenick@gmail.com."

19. SEBENICK stated that her Apple iPhone device connects regularly to the internet service/ WiFi offered within the business at 620 Old York Rd. Jenkintown, PA, and that her cell phone also has internet service. SEBENICK stated that the internet/WiFi services at 620 Old York Rd. are password protected and provided the password to investigators. SEBENICK admitted to operating the suspect KIK Messenger user account "DaniLynn91," and also admitted that she used it while at work at Kids First Swim Club. SEBENICK advised that she recently deleted the application from her phone just two days prior, on or about Sunday, December 16, 2018, and explained that she frequently deletes KIK Messenger from her phone.

20. Agents confronted SEBENICK with screen captures depicting photographs of herself that were uploaded to KIK Messenger group and private chats, and she admitted that the photos depicted her, and that she had taken the photos herself. SEBENICK told investigators that she joined the KIK Messenger group "Twisted Mommies" in approximately October or November 2018, and was also a member of the KIK Messenger group chat titled "Twisted Private." SEBENICK stated that she needed to provide "verification photos" as part of the group membership. SEBENICK stated that she was an "administrator" of at least one KIK Messenger group chat.

21. SEBENICK reviewed the aforementioned KIK Messenger screen captures and subsequently initialed and dated those screen captures that she recalled or uploaded. SEBENICK claimed not to recall uploading the two (2) videos depicting child pornography cited above that were distributed to the group by her user account. SEBENICK stated that she did see images and videos involving the sexual abuse of minor children in the "Twisted Private." SEBENICK denied having a sexual interest in minor children despite acknowledging the chats she engaged in with other group members.

7

22. An onsite forensic preview of SEBENICK's Apple iPhone revealed photographs that appeared to be the same photograph used for the profile picture of KIK Messenger user account "DaniLynn91."

## CONCLUSION

23. Based on the aforementioned factual information, your Affiant respectfully submits that there is probable cause to believe that Danielle SEBENICK has committed violations of 18 U.S.C. Section 2252(a)(2), distribution and attempted distribution of child pornography.

Respectfully submitted,

Richard Cerminaro, Special Agent
Homeland Security Investigations

Subscribed and sworn before me
this  19  of December, 2018.

JACOB P. HART
United States Magistrate Judge

## ATTACHMENT A

### Count One – Distribution of Child Pornography, 18 U.S.C. § 2252(a)(2), (b)(1)

On or about November 19, 2018, in the Eastern District of Pennsylvania and elsewhere, the defendant, Danielle SEBENICK, a/k/a "DaniLynn91," knowingly distributed visual depictions that had been shipped in interstate and foreign commerce, the producing of which involved the use of minors engaged in sexually explicit conduct, and the visual depictions were of such conduct.